# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **FRED HOWARD, JR.** | **CIVIL ACTION NO. 19-1217-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **HERSY JONES, JR.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Fred Howard, Jr., ("Plaintiff"), represented by attorney Hersy Jones, Jr., filed a civil action in this court in November of 2001 under the Civil Rights Act that asserted claims against the City of Shreveport, D.J. Gaut, James Roberts, Joey Hester, William Scott, and T.W. Oster. Howard v. Shreveport, et al, 01-cv-2303. The matter proceeded to trial by jury and the jury returned a verdict in favor of Defendants. On May 21, 2004, Judge Hicks entered a judgment that dismissed the case with prejudice. On June 8, 2004, Plaintiff's attorney Hersy Jones filed a Notice of Appeal. On July 23, 2004, the United States Court of Appeals for the Fifth Circuit dismissed the appeal for want of prosecution.

Plaintiff, who is now self-represented, filed this civil action against attorney Jones. Plaintiff claims he signed a contact with attorney Jones to represent him on a contingency basis in the civil matter resulting from a police officer shooting him in the eye after a chase through the City of Shreveport. He claims that after attorney Jones filed the notice of

appeal, he took no further action to preserve his appellate right rights. He claims his appeal was dismissed. Plaintiff claims attorney Jones breached their contract. He also claims the attorney for the City of Shreveport made a settlement offer and attorney Jones failed to disclose this offer to him.

Accordingly, Plaintiff seeks monetary and compensatory damages and court costs.

**Jurisdictional Review**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

Federal Rule of Civil Procedure 8(a) requires that a pleading that seeks relief contain "a short and plain statement of the grounds for the court's jurisdiction." "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings. MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). Plaintiff's complaint does not set forth any grounds on which he contends the federal court may exercise jurisdiction. The court will nonetheless review his factual allegations to determine whether there are any such grounds.

**Diversity Jurisdiction**

One basis for federal court jurisdiction that is often invoked in civil disputes is diversity of citizenship under 28 U.S.C. § 1332. The statute applies only if all persons on one side of the controversy are citizens of different states than all persons on the other side. MidCap Media, 929 F.3d at 313. Plaintiff's complaint does not invoke diversity jurisdiction, and the facts provided do not support it. The pleadings in the current and former civil actions indicate that Plaintiff is a citizen of Louisiana. Plaintiff alleges that Jones practiced in Louisiana, and he is known to the court to have lived in Louisiana and practiced in this state. Jones is also currently a candidate for Sheriff in Caddo Parish, Louisiana. Accordingly, there is no basis for the court to hear the complaint under Section 1332.

**Federal Question**

Another potential basis for federal court jurisdiction is federal question jurisdiction, which is governed by 28 U.S.C. § 1331. The statute gives the federal court original jurisdiction of all civil actions "arising under" federal law. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. The rule provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Plaintiff's complaint does not assert any claim based on federal law or otherwise invoke Section 1331 or federal question jurisdiction.

Plaintiff's complaint alleges legal malpractice, which is a claim that arises under state law. That the underlying lawsuit was filed in federal court or involved federal claims

is not sufficient to provide federal question jurisdiction over this legal malpractice suit. The Fifth Circuit recognized in a legal malpractice claim based on representation in a federal trademark lawsuit that "[l]egal malpractice has traditionally been the domain of state law, and federal law rarely interferes with the power of state authorities to regulate the practice of law." Singh v. Duane Morris, LLP, 538 F.3d 334, 339 (5th Cir. 2008). The Court held that the federal court lacked jurisdiction over the legal malpractice claim despite the fact that the alleged malpractice occurred in a prior federal trademark suit. Resolution of the claims did not require resolving any substantial federal issue.

The Supreme Court later issued a unanimous decision in Gunn v. Minton, 133 S.Ct. 1059 (2013) that assessed whether a state court could exercise jurisdiction over a legal malpractice claim that was based on whether the lawyer mistakenly did not raise an argument that might have resulted in a win for the client in a federal court patent suit. The Court looked to the federal statute that grants the federal courts exclusive jurisdiction over civil actions arising under federal law relating to patents. It noted that it interprets the arising under provision of that statute identically to the language in Section 1331. Id. at 1064. The Court then held that the legal malpractice claim did not arise under federal patent law even though it would be necessary for a court to decide an issue of patent law to resolve the malpractice claim.

Singh and Gunn demonstrate that this court lacks federal question jurisdiction over Plaintiff's legal malpractice claim. There is no substantial federal issue that must be resolved to address the state-law legal malpractice claims. The issues, under the facts alleged, will focus on the attorney's obligation to communicate with his client regarding

decisions made in the course of the litigation. The court, accordingly, lacks jurisdiction under Section 1331.

**Supplemental Jurisdiction**

Courts that have original jurisdiction over a claim may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). This form of jurisdiction is not applicable because the court does not gain original jurisdiction, via Section 1367, over a later-filed suit just because the new suit is related to an earlier suit over which the court did have jurisdiction. Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255 (5th Cir. 2014). This suit must have an independent basis for jurisdiction, and it does not.

**Conclusion**

Plaintiff has not set forth a basis for the court to exercise diversity jurisdiction, and he has not asserted a federal claim that would support the exercise of federal question jurisdiction. Supplemental jurisdiction is also inapplicable, and there is no other apparent basis for the federal court to exercise jurisdiction over this case. It is possible that Plaintiff has alleged a legal malpractice claim against his fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). Plaintiff may be entitled to seek relief in state court on his state law claims, but this federal court lacks jurisdiction over his complaint.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of October, 2019.



Mark L. Hornsby
U.S. Magistrate Judge